| MICHAEL J. REDENBURG, ESQ. PC<br>Michael Redenburg, Esq. (NY #MR4662)<br>11 Park Place, Suite 817<br>New York, NY 10007<br>Telephone: (212) 240-9465<br>Facsimile: (917) 591-1667 | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LADELL WAYNE NATION,**<br><br>                **Plaintiff,**<br><br>**v.**<br><br>**City of New York, NYPD Officers John Does 1 through 3, individually and in their official capacities (the names John Doe being fictitious, as the true names are presently unknown).**<br><br>                **Defendants.** | **Complaint**<br><br>**JURY TRIAL DEMANDED**<br><br>**Civ. No.: 16- 5722** |

### PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action against the City of New York and New York City Police Officers John Does 1 through 3, alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution by falsely arresting him and maliciously prosecuting him. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

### JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth & Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

1

3.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 (b) and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

4.  Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

5.  Plaintiff Ladell Wayne Nation[1] ("Plaintiff" or "Mr. Nation") is a thirty (30) year old African American man who resides in the County of Queens, City and State of New York.

6.  The City of New York is a municipal corporation organized under the laws of the State of New York.

7.  The individual defendants are members of the New York City Police Department ("NYPD") who were so employed on October 29, 2015. The Doe defendants were acting under color of state law and in their capacities as members of the NYPD at all relevant times. The Doe defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

8.  On October 29, 2015, Plaintiff was driving home from work and had in the car he was driving two co-workers, Tiquan Walker and Malik Simon, who he was dropping off.

9.  First, and at or about 3pm, Plaintiff dropped-off Tiquan Walker at 31st Avenue and Hobart Street.

10. Malik Simon also got out of the car and went into a bodega at the corner, Cozy Corner.

---

[1] Arrested under the incorrect name of Wayne L. Nation.

2

11. Tiquan was outside of the car Plaintiff was driving and was talking to Plaintiff concerning what time they would meet the next day to go to work.

12. Tiquan walked away and Malik got back into the car Plaintiff was driving.

13. As Plaintiff prepared to drive away, an unmarked NYPD vehicle pulled up and NYPD Officers John Does 1-2 instructed Plaintiff to put the car in park, put his hands up and get out of the car. Plaintiff complied.

14. Next, NYPD Officers John Does 1-2 searched Plaintiff, the car he was driving and Malik; and there was no contraband found.

15. More NYPD Officers now descended on the scene and NYPD Officer John Doe 3 grabbed Plaintiff by his arms and waist telling Plaintiff to "hold on."

16. Malik was free to leave while Plaintiff was handcuffed and placed in an unmarked NYPD Police van. Tiquan was also in the unmarked NYPD Police van.

17. Plaintiff was driven around in the unmarked NYPD Police van for about six (6) hours before arriving at the 114th Precinct.

18. While at the precinct where Plaintiff remained for 2-3 hours, Plaintiff was informed that he was being arrested and charged with sale of narcotics. Plaintiff had no money or drugs on his person and no contraband had been found in the car he had been driving.

19. Plaintiff was then transported to Queens Central Booking where he remained for about twelve (12) hours before being arraigned before a Criminal Court Judge.

20. At arraignment, Plaintiff was charged with Criminal Possession of Narcotic Drugs, a Class B Felony. He was released on his own recognizance.

21. Thereafter, Plaintiff retained private criminal defense counsel at the cost of $2,200.00 and after attending criminal court three (3) times post-arraignment, the matter was adjourned in contemplation of dismissal.

22. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, the humiliation and embarrassment of being arrested in front of the Cozy Corner Bodega where he knows the owner and other community residents; incurred attorneys fees; lost time from work and his job that he had recently started – all to his detriment.

## FIRST CLAIM
### *Unlawful Search and Seizure*

23. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

24. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion or probable cause to do so.

25. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

26. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, the humiliation and embarrassment of being arrested in front of the Cozy Corner Bodega where he knows the owner and other community residents; incurred attorneys fees; lost time from work and his job that he had recently started – all to his detriment.

## SECOND CLAIM
### *False Arrest*

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Defendants violated the Fourth and Fourteenth Amendments because they caused Plaintiff to be arrested without probable cause.

29. As a direct and proximate result of this unlawful conduct, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, the humiliation and embarrassment of being arrested in front of the Cozy Corner Bodega where he knows the owner and other community residents; incurred attorneys fees; lost time from work and his job that he had recently started – all to his detriment.

### THIRD CLAIM
### *MALICIOUS PROSECUTION UNDER §1983*

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendant John Doe maliciously misrepresented to the Queens District Attorney's Office that Plaintiff had violated the law.

32. The criminal action against Plaintiff was initiated and continued for a period of six (6) months.

33. The individually named Doe Officer lacked probable cause for the commencement of the criminal proceeding against Plaintiff.

34. In this regard, the Defendant Doe Officer was not motivated to serve justice, but rather, he was motivated to earn overtime compensation, enhance his arrest record and charge Plaintiff with violating the law, when in fact they knew he had not violated any law(s).

35. The criminal case filed against Plaintiff was ultimately completely dismissed.

36. Accordingly, the Defendant Doe Officer is liable to Plaintiff for malicious prosecution.

### FOURTH CLAIM
### *MONELL CLAIM*

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. The City of New York is a "person" within the meaning of 42 U.S.C. §1983.

39. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and NYPD, all under the supervision of ranking officers of the NYPD.

40. The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy and/or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

41. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

42. The Incident that Plaintiff complains of is not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of the City's police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to

intervene in and report the obvious illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

43. In addition, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

44. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following-up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

45. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search

7

and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated its law department from the discipline of police officers so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.

46. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate Plaintiff's civil rights without fear of reprisal.

47. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

48. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, the humiliation and embarrassment of being arrested in front of the Cozy Corner Bodega where he knows the owner and other community residents; incurred attorneys fees; lost time from work and his job that he had recently started – all to his detriment.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

   a.   Compensatory damages against all defendants, jointly and severally;

   b.   Punitive damages in an amount to be determined by a jury;

   c.   Reasonable attorneys' fees and costs; and

   d.   Such other relief as this Court shall deem just and proper.

Dated:  October 13, 2016
     New York, NY

                **s/Michael J. Redenburg_____**
                Michael J. Redenburg (NY #MR4662)
                MICHAEL J. REDENBURG, ESQ. PC
                11 Park Place, Suite 817
                New York, NY 10007
                mredenburg@mjrlaw-ny.com
                1-212-240-9465 (Phone)
                1-917-591-1667 (Fax)